**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Richard F. Davet, et al., | ) | CASE NO. 1:06 CV 1875 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank One Cleveland, N.A., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### **INTRODUCTION**

This matter is before the Court upon the Motion of Defendant JP Morgan Chase Bank, N.A. to Dismiss Pursuant to Fed.R.Civ.P. 12(b). This case arises out of a foreclosure order issued in state court. For the reasons that follow, the motion is GRANTED.

### **FACTS**

Plaintiffs, Richard and Lynn Davet, filed this lawsuit against defendant, Bank One, Cleveland, alleging that a foreclosure decree issued in favor of defendant in a state court proceeding is unenforceable. According to the amended complaint, the presiding judge improperly transferred the case to a second judge. The second judge granted a motion for

1

summary judgment against plaintiff.  Plaintiff alleges that pursuant to state court local rules, the transfer was not proper.

Plaintiffs filed numerous appeals of various decisions made in the state trial court.  It appears that all of the appeals were dismissed.  Plaintiffs also appealed some of the dismissals to the Ohio Supreme Court, which declined to hear the appeals.  Thereafter, on August 7, 2006, the foreclosure decree was executed and plaintiffs' property was sold.  Subsequently, plaintiff filed this lawsuit asserting two claims for relief.  Count one is a claim for declaratory relief.  Count two seeks compensatory damages.  Both counts are premised on the allegation that the foreclosure decree is void as a result of the improper transfer.

Defendant moves to dismiss the lawsuit on the grounds that this Court lacks jurisdiction over this matter.  According to defendant, the *Rooker-Feldman* and *res judicata* doctrines bar plaintiffs' claims in this case.  Plaintiffs oppose the motion.

**ANALYSIS**

Defendant argues that this Court lacks jurisdiction over this matter because appeals from final state court judgments lie only with the Supreme Court.  According to plaintiffs, there is no final state court judgment and, therefore, jurisdiction is proper in this forum.

Upon review, the Court finds that it lacks jurisdiction over this matter.  In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the plaintiffs filed a lawsuit in federal district court arguing that an adverse state court judgment was "null and void."  The Court held that 28 U.S.C. § 1257 vests the Supreme Court with exclusive jurisdiction over state court appeals.  Because district courts are courts of original, as opposed to appellate jurisdiction, the district court lacked subject matter jurisdiction over the case.  Sixty years later, the Supreme Court decided *District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  In *Feldman*, the Court in essence held that bar applicants could not appeal a decision from the District of Columbia Court of Appeals rejecting their bar applications.  The holdings in these two cases are now commonly known as the *Rooker-Feldman* doctrine.

Recently, the Supreme Court has criticized district courts for expanding the *Rooker-Feldman* doctrine.  For example, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) the Court reiterated that the doctrine is confined to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id*. at 284.  Thus, in *Exxon Mobil*, the Court held that the *Rooker-Feldman* doctrine does not preclude a district court from exercising subject matter jurisdiction over a case even though a parallel state court case is proceeding.  Because the complainant is not a "state-court loser," the doctrine does not apply.  *See also, Lance v. Dennis*, 546 U.S. 459 (reiterating that *Rooker-Feldman* doctrine is to be narrowly construed).

In this case, the holding in *Rooker* is directly applicable.  The state court issued a decree in foreclosure on July 13, 2005, at which point the case had been pending for ten years.  Plaintiffs filed a notice of appeal, which the court of appeals dismissed.  Thereafter, the Ohio Supreme Court declined to exercise jurisdiction over the matter.  Plaintiffs now come before this Court, claiming that the state court judgement is null and void.  This is precisely the situation presented in *Rooker*.  Plaintiffs, who lost in state court, filed this action after the judgment

became final.[1]  In this case, plaintiffs are claiming that the state trial court erred by failing to follow local rules regarding the assignment of judges.  This argument attacks the validity of the state court judgment.[2]   Federal district court review of state court decisions, however, is precluded by *Rooker*.  Rather, the United States Supreme Court is vested with exclusive federal jurisdiction over state court appeals.  Accordingly, this court lacks jurisdiction over this matter.

Having concluded that the Court lacks jurisdiction, the Court need not address whether the doctrine of *res judicata* bars assertion of plaintiffs' claims.

**CONCLUSION**

For the foregoing reasons, the Motion of Defendant JP Morgan Chase Bank, N.A. to Dismiss Pursuant to Fed.R.Civ.P. 12(b) is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:   4/2/07

---

[1]  Plaintiffs argue that there are issues left for the state court of appeals to decide.  This Court disagrees.  There is no indication that any appeal is currently pending.  Regardless, it appears that plaintiff's appeal of the foreclosure decree was dismissed.  Even if the appeal was dismissed in error, this Court does not have appellate jurisdiction over the matter.

[2]  Plaintiffs argue that federal district court review is available because the trial court lacked jurisdiction because of the improper transfer.  The Court rejects this argument.  The issue of whether the transfer was proper does not alter the fact that the tribunal had jurisdiction over the matter.